FILED

06 NOV 27 AM 9:26

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

PDC        DEPUTY

BY:

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| JOYCE M. BRIERE aka DAVIS, | CASE NO. 06cv0501-LAB (POR) |
|---|---|
| Plaintiff, | **ORDER OF DISMISSAL** |
| vs. | |
| MICHAEL CHERTOFF, Secretary of Department of Homeland Security, Agency No. HS-05-0756, Component #CIS-05-W219. | |
| Defendants. | |

On March 7, 2006, Plaintiff, proceeding *pro se*, filed her complaint in this matter, as well as a notice of motion and motion to proceed *in forma pauperis*. The complaint alleges employment discrimination against Plaintiff by her former employer, the Department of Homeland Security. On March 17, 2006, her motion was denied and her complaint dismissed without prejudice. On March 28, 2006, Plaintiff paid the filing fee and the case was reopened.

Since that time, no proceeding or discovery occurred and no documents were filed in this case for a period of six months. Plaintiff has never filed proof that Defendants have been served with process. On October 11, 2006, the Court ordered Plaintiff to show cause why the case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to serve Defendants within 120 days of filing the complaint, and Civil Local Rule 41.1 for failure to

prosecute. Plaintiff was cautioned that if she failed to show cause, the complaint could be dismissed without further notice to her.

In response, Plaintiff on October 30, 2006 submitted a memorandum of points and authorities arguing that the complaint should not be dismissed, and requesting an extension of time. Because Plaintiff is proceeding *pro se* and bringing civil rights claims, the Court will construe her memorandum liberally. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). The Court will not, however, supply facts she has not pled. *See Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In explaining the six-month delay, Plaintiff assigns as excuses the complexity of the Federal Rules of Civil Procedure; various family, emotional, and work-related stresses; and her inability to locate counsel willing to represent her. Plaintiff argues, possibly relying on 28 U.S.C. § 1915(e), that she is entitled to appointed counsel if she cannot afford to hire an attorney. She does not assert, however, that she cannot afford an attorney, nor has she moved for appointment of counsel. The Court notes that Plaintiff, apparently without the assistance of counsel, was able to file her complaint. Plaintiff does not explain why, having successfully filed her complaint, she was unable to serve Defendant.

The Court finds the reasons urged by Plaintiff do not excuse her six-month delay in prosecuting this case and her continued failure to serve Defendant with process. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642–43 (9th Cir. 2002) (purported inability to obtain counsel did not excuse petitioner's failure to prosecute); *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75, 77–78 (D.Md. 1995) (reasoning that even great stresses on a litigant caused by traumatic life events do not excuse failure to comply with the requirements of Fed. R. Civ. P. 4(m)). Plaintiff's asserted ignorant of procedural rules is likewise not an adequate excuse. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

The fact that Plaintiff was proceeding *pro se* does not excuse her disregard of procedural requirements. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Briones*, 116 F.3d at 381 ("Ignorance of court rules does not constitute excusable neglect, even if the litigant

1  appears pro se.") (quoting *Swimmer v. IRS*, 811 F.2d 1343, 1345 (9th Cir. 1987)) (alteration
2  omitted)). See also *Braithwaite*, 160 F.R.D. at 78 ("To the extent she may have been acting
3  *pro se* and was immobilized by the tragedy in her personal life, there is, quite simply, no
4  authority that would support such an excuse [for failure to serve a defendant] nor . . . would
5  acknowledgment of that excuse necessarily be wise or fair from a policy standpoint.")

6  Therefore, the Court finds that Plaintiff has failed to show cause as ordered. For
7  these reasons, this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**
DATED: 11-22-06

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

cc:  Magistrate Judge Louisa S. Porter
     Plaintiff, *Pro Se*
     All Counsel of Record